**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSE GONZALEZ-CUEVAS,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 20-9567
(Petition for Review)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **MORITZ**,
Circuit Judge.

_____

Jose Gonzalez-Cuevas appeals an order from the Board of Immigration

Appeals upholding the denial of his motion to reopen removal proceedings and

consider an application for cancellation of removal. The Board determined that

Gonzalez-Cuevas was not eligible for cancellation of removal because he had not

been present in the United States for a "continuous period" of at least ten years. 8

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R.
32.1(A).

U.S.C. § 1229b(b)(1)(A). Under the stop-time rule, the Board reasoned, Gonzalez-Cuevas's continuous-presence period ended when the government sent him a notice to appear informing him of the removal proceedings, followed by another document a few weeks later stating the date and time of a hearing.

In its response brief, the government acknowledged that the Board's decision conflicted with our decision in *Banuelos-Galviz v. Barr*, which held that "the stop-time rule is triggered by one complete notice to appear rather than a combination of documents." 953 F.3d 1176, 1178 (10th Cir. 2020). As such, the government "agree[d] that remand is appropriate." Aplee. Br. 9.

We abated the appeal, however, pending the Supreme Court's decision in a case involving the same stop-time issue we faced in *Banuelos-Galviz*. The Supreme Court has now decided that case, *Niz-Chavez v. Garland*, No. 19-863, 2021 WL 1676619 (Apr. 29, 2021), and the government recognizes that it "is in line with the . . . holding in *Banuelos-Galviz*." Resp't Status Report 2, May 5, 2021.

Accordingly, we lift the abatement, grant Gonzalez-Cuevas's petition for review, and remand for further proceedings. *See Artur v. Barr*, 819 F. App'x 618, 621 (10th Cir. 2020) (unpublished) ("Because [the Board's precedent] is no longer good law in this circuit, we grant the petition for review and remand for the [Board] to consider the motion to reopen in light of our decision in *Banuelos-Galviz*.").

Entered for the Court

Nancy L. Moritz
Circuit Judge
2